United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' PENSION TRUST FUND; GIL CROSTHWAITE and RUSS BURNS, as Trustees,<br><br>      Plaintiffs,<br><br>   v.<br><br>FIFE ROCK PRODUCTS COMPANY, a Utah Corporation; FIFE EQUIPMENT & INVESTMENTS, LLC, a Utah limited liability company; FIFE EQUIPMENT & INVESTMENTS COMPANY, a Utah unincorporated general partnership; GENEVA H. FIFE, as an individual; and KATHRYN F. DAMON, as an individual,<br><br>      Defendants.<br>_____/ | No. C 10-00697 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

Plaintiffs' motion to strike is scheduled for a hearing on July 2, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This action arises under the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. §§ 1001-1461 (1982)) ("ERISA"). Plaintiffs are the Operating Engineers' Pension Trust Fund ("the Fund"), a multi-employer

pension plan, and trustees Gil Crosthwaite and Russ Burns. Defendants are Fife Rock Products Company (a Utah corporation), Fife Equipment & Investment Company, LLC (a Utah limited liability company), Fife Equipment & Investment Company (a Utah unincorporated general partnership), Geneva H. Fife Irrevocable Trust, and Kathryn F. Damon (collectively "Fife").

Fife was a participating employer in the Fund. In the plan year beginning January 1, 2005, Fife withdrew from the Fund, which triggered the Fund to assess "withdrawal liability" under ERISA against Fife in the sum of $678,020. By a letter dated May 16, 2008, the Fund notified Fife of this assessed withdrawal liability and demanded payment on a defined schedule. Under protest, Fife made three quarterly installment payments through January 1, 2009, and then allegedly defaulted on the remaining payments. The Fund agreed to an extension until September 14, 2009 for the allegedly delinquent payments.

Pursuant to ERISA, on June 11, 2008, Fife timely requested review of the assessed withdrawal liability. On December 5, 2008, in a letter titled "Initiation of Arbitration," Fife demanded arbitration to challenge the assessed withdrawal liability. The parties dispute whether Fife's December 5, 2008 letter constituted an "initiation" of arbitration under Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1). Following the December 5, 2008 letter, the parties engaged in prolonged negotiations that included exchange of information and discussions regarding settlement or arbitration to resolve the dispute.

During their negotiations, the parties agreed to use the American Arbitration Association (AAA) rules in any future arbitration proceeding regarding this matter. Settlement negotiations fell apart, and on January 5, 2010, the Fund filed a claim with AAA for arbitration. AAA and the Fund sent letters to Fife providing notice of the proceeding and the AAA letter requested a response by January 19, 2010. When Fife failed to respond by that deadline, the Fund terminated the AAA proceeding on January 22, 2010. On February 17, 2010, the Fund filed this action to collect the amount allegedly owed by Fife. Fife has stated that it failed to timely respond to the letters regarding AAA arbitration because it lacked legal representation at that time and that the Fund was aware of this fact because of an earlier letter from Fife.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. Civ. P. 12(f). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A motion to strike may be appropriate where it will streamline the ultimate resolution of the action. *See Fantasy*, 984 F.2d at 1528.

However, because of the limited importance of pleadings in federal matters, motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

## DISCUSSION

Plaintiffs have moved to strike all[1] of defendants' affirmative defenses on the ground that defendants have waived these defenses by not "initiating" arbitration as required by ERISA. In addition, plaintiffs contend that the first, second, third, sixth, seventh, eighth, ninth, tenth, twelfth, thirteenth and seventeenth affirmative defenses should be stricken as insufficient as a matter of law.

**I.  Waiver**

The Fund contends that Fife failed to "initiate" arbitration as required by ERISA, and has thus waived all affirmative defenses. When an employer withdraws from a multi-employer pension plan, ERISA requires the employer to pay to the multi-employer fund "a proportionate share of the fund's unfunded vested benefit liability." *Bd. of Trs. of the W. Teamsters Pension Trust Fund v. Thompson Bldg. Materials, Inc.*, 749 F.2d 1396, 1399 (9th Cir. 1984); 29 U.S.C. § 1381 (2006). The plan sponsor

---

[1] It is unclear whether plaintiffs are moving to strike all of the affirmative defenses on the basis of waiver, or only certain affirmative defenses on this ground, as plaintiffs' motion refers both to "all" affirmative defenses and specific affirmative defenses.

1  must, "as soon as practicable," notify the employer of the amount and payment schedule for such
2  liability and demand payment. 29 U.S.C. § 1399(b)(1) (2006). The employer may, within 90 days after
3  such notice, request a review of specific matters by the plan sponsor and the sponsor must notify the
4  employer of its decision. 29 U.S.C. § 1399(b)(2).

5  Disputes between the employer and plan sponsor regarding the amounts assessed must be
6  resolved initially by arbitration. *Bd. of Trs.*, 749 F.2d at 1399-1400; 29 U.S.C. § 1401(a)(1). Either
7  party may initiate arbitration within the earlier of (A) 60 days after notification of the results of a review
8  requested by the employer or (B) 180 days after the employer's request for review. 29 U.S.C.
9  § 1401(a)(1). "If no arbitration proceeding has been initiated, the amounts demanded by the plan
10 sponsor shall be due and owing on the schedule set forth by the plan sponsor." 29 U.S.C. § 1401(b)(1).
11 "The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for the
12 collection." *Id.* If arbitration is not timely initiated, all affirmative defenses to withdrawal liability are
13 waived. *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. Pension Fund v. Centra*, 983
14 F.2d 495, 507 (3d Cir. 1992). However, the federal regulations governing ERISA provide that "[t]he
15 parties may agree, at any time, to waive or extend the time limits for initiating arbitration." 29 C.F.R.
16 § 4221.3(b).

17 Plaintiffs assert that notwithstanding the language in Fife's December 5, 2008 letter "request[ing]
18 to initiate arbitration in accordance with 29 C.F.R. § 4221.3(d)," that letter only "requested" arbitration
19 and did not formally "initiate" arbitration. As support, plaintiffs rely on *Combs v. Leishman*, 691 F.
20 Supp. 424 (D.D.C. 1998). In *Combs*, the defendant disputed its liability and sent a letter to the plaintiff
21 requesting that the dispute be submitted to arbitration in the event that it could not be resolved by the
22 parties. *Id.* at 426. In a further exchange of letters regarding the disputed liability, the plaintiff twice
23 informed the defendant of the requirement under ERISA to timely initiate arbitration, and the defendant
24 declined to do so. *Id.* at 426-27. Under those circumstances, the court held that the defendant had only
25 conditionally requested arbitration, and did not "initiate" arbitration under ERISA. *Id.* at 428.

26 *Combs* is readily distinguishable. In its December 5, 2008 letter titled "Initiation of Arbitration,"
27 Fife not only "request[ed] to initiate arbitration in accordance with 29 C.F.R. § 4221.3(d)" but also
28 requested the Fund to propose potential arbitrators. Defs' Oppo. Ex. A. Thus, unlike the conditional

4

request in *Combs*, here Fife formally requested to initiate arbitration. Moreover, Fife and the Fund engaged in prolonged settlement negotiations that lasted, at a minimum, from December 22, 2008 to September 30, 2009. During this time, the parties exchanged information and made settlement offers, and on at least three occasions the Fund encouraged Fife to continue participating in the settlement negotiations in order to avoid the delay and expense associated with an arbitration proceeding. *See* Defs' Oppo. Ex. D (the Fund's Dec. 22, 2008 letter); Pls' Reply Ex. A, B (the Fund's Sept. 4, 2009 and Sept. 30, 2009 letters). In light of the defendants' request for arbitration, the prolonged negotiations and the Fund's repeated attempts to persuade Fife to persist with negotiations in lieu of arbitration, the Court finds that defendants have not waived their affirmative defenses due to any alleged failure to initiate arbitration.

## II.     Specific arguments about affirmative defenses

Plaintiffs have moved to strike a number of defendants' affirmative defenses as insufficient as a matter of law. First, plaintiffs repeat their waiver argument discussed *supra* and contend that a number of affirmative defenses should be stricken because Fife waived these defenses by not "initiating" arbitration. For the reasons stated above, the Court finds this argument lacks merit.

Second, plaintiffs move to strike the first affirmative defense of "failure to state a claim" on the ground that "plaintiffs have stated a valid claim for withdrawal liability." While defendants have chosen to answer the complaint rather than move to dismiss the complaint for failure to state a claim, the Court cannot conclude, as a matter of law, that plaintiffs' claim for withdrawal liability is valid. .

Third, plaintiffs move to strike the ninth affirmative defense, which alleges that "Plaintiffs' claims are barred by the doctrines of waiver, laches, estoppel, fraud, judicial estoppel, prior breach, and legal excuse." The Court agrees with plaintiffs that defendants "must state with particularity the circumstances constituting fraud" and that defendants have not done so. *See* Fed. R. Civ. P. Rule 9(b). The Court GRANTS plaintiffs' motion to strike the affirmative defense of fraud, and GRANTS defendants leave to amend to specifically plead the circumstances constituting the fraud.

As to the balance of the affirmative defenses that are the subject of plaintiffs' motion, plaintiffs argue that these affirmative defenses should be stricken because defendants do not allege any facts in

5

support of these defenses. Defendants respond that such motions are disfavored and that affirmative defenses should not be stricken unless there are no circumstances under which the defenses could succeed. *See, e.g., Levin-Richmond Terminal Corp. v. Int'l Longshoremen's and Warehousemen's Union*, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990). The Court agrees with defendants that it is not appropriate to strike their affirmative defenses because they could conceivably be relevant and successful. Plaintiffs' motion to strike is DENIED.

### III.     Compelling arbitration

In the conclusion of their opposition brief, and without any legal or factual argument in support, defendants request that the Court dismiss this case and issue an order directing the parties to proceed to arbitration. In response, plaintiffs' reply brief asserts a number of arguments regarding whether this action is subject to arbitration, including the contention that defendants have waived any right to compel arbitration by not raising it as an affirmative defense in their answer. Plaintiffs also note, correctly, that defendants have not moved to dismiss this action, nor have they moved to compel arbitration.

The Court finds that the question of whether the parties should be compelled to engage in arbitration has not been fairly raised by the instant motion and the Court will not resolve these questions at this time. The parties may present the arbitration question in a properly noticed motion.

### CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to strike the affirmative defense of fraud, GRANTS defendants limited leave to amend the answer to plead fraud with particularity, and DENIES plaintiffs' motion to strike in all other respects. If defendants wish to amend the answer to plead fraud with particularity, defendants may file an amended answer by **July 16, 2010**. (Docket No. 18).

**IT IS SO ORDERED.**

Dated: June 30, 2010

SUSAN ILLSTON
United States District Judge