1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  OPERATING ENGINEERS' PENSION TRUST          No. C 10-697 SI
    FUND; GIL CROSTHWAITE and RUSS
12  BURNS, as Trustees,                         **ORDER GRANTING DEFENDANTS'**
                                                **MOTION TO COMPEL ARBITRATION**
13              Plaintiffs,                      **AND STAYING CASE PENDING**
                                                **ARBITRATION**
14    v.

15  FIFE ROCK PRODUCTS COMPANY, a Utah
    Corporation; FIFE EQUIPMENT &
16  INVESTMENTS, LLC, a Utah limited liability
    company; FIFE EQUIPMENT &
17  INVESTMENTS COMPANY, a Utah
    unincorporated general partnership; GENEVA H.
18  FIFE, as an individual; and KATHRYN F.
    DAMON, as an individual,
19
                Defendants.
20  _____/

21
            On January 14, 2011, the Court held a hearing on defendants' motion to compel arbitration.  For
22
    the reasons set forth below, the Court GRANTS the motion.
23

24
                                **BACKGROUND**
25
            This action arises under the Employee Retirement Income Security Act of 1974, as amended by
26
    the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. §§ 1001-1461 (1982))
27
    ("ERISA").  Plaintiffs are the Operating Engineers' Pension Trust Fund ("the Fund"), a multi-employer
28
    pension plan, and trustees Gil Crosthwaite and Russ Burns.  Defendants are Fife Rock Products
    Company (a Utah corporation), Fife Equipment & Investment Company, LLC (a Utah limited liability

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

company), Fife Equipment & Investment Company (a Utah unincorporated general partnership), Geneva H. Fife Irrevocable Trust, and Kathryn F. Damon (collectively "Fife").

Fife was a participating employer in the Fund. In the plan year beginning January 1, 2005, Fife withdrew from the Fund, which triggered the Fund to assess "withdrawal liability" under ERISA against Fife in the sum of $678,020. By a letter dated May 16, 2008, the Fund notified Fife of this assessed withdrawal liability and demanded payment on a defined schedule. Under protest, Fife made three quarterly installment payments through January 1, 2009, and then allegedly defaulted on the remaining payments. The Fund agreed to an extension until September 14, 2009 for the allegedly delinquent payments.[1]

Pursuant to ERISA, on June 11, 2008, Fife timely requested review of the assessed withdrawal liability. On December 5, 2008, in a letter titled "Initiation of Arbitration," Fife demanded arbitration to challenge the assessed withdrawal liability. The parties dispute whether Fife's December 5, 2008 letter constituted an "initiation" of arbitration under Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1). Following the December 5, 2008 letter, the parties engaged in prolonged negotiations that included exchange of information and discussions regarding settlement or arbitration to resolve the dispute.

During their negotiations, the parties agreed to use the American Arbitration Association (AAA) rules in any future arbitration proceeding regarding this matter. Settlement negotiations fell apart, and on January 5, 2010, the Fund filed a claim with AAA for arbitration. AAA and the Fund sent letters to Fife providing notice of the proceeding and the AAA letter requested a response by January 19, 2010. When Fife failed to respond by that deadline, the Fund terminated the AAA proceeding on January 22, 2010. On February 17, 2010, the Fund filed this action to collect the amount allegedly owed by Fife. Fife has stated that it failed to timely respond to the letters regarding AAA arbitration because it lacked legal representation at that time and that the Fund was aware of this fact because of an earlier letter from Fife.

On May 10, 2010, the Fund filed a motion to strike Fife's affirmative defenses, arguing that Fife

---

[1] As of October 20, 2010, Fife was current on its interim payments to the Fund. Finlinson Decl. ¶ 18.

had waived its right to assert affirmative defenses by failing to initiate arbitration.  In an order filed June 30, 2010, the Court denied the Fund's motion, and held that "defendants have not waived their affirmative defenses due to any alleged failure to initiate arbitration."  Order at 5.

**DISCUSSION**

Defendants move to compel arbitration, or in the alternative, for leave to amend the answer to assert the affirmative defense that the parties are required to arbitrate this dispute.  Defendants contend that Fife timely initiated arbitration by sending the December 5, 2008 "Initiation of Arbitration" letter, and that Fife was not required to take any additional steps to "initiate" arbitration under ERISA.

When an employer withdraws from a multi-employer pension plan, ERISA requires the employer to pay to the multi-employer fund "a proportionate share of the fund's unfunded vested benefit liability."  *Bd. of Trs. of the W. Teamsters Pension Trust Fund v. Thompson Bldg. Materials, Inc.*, 749 F.2d 1396, 1399 (9th Cir. 1984); 29 U.S.C. § 1381.  The plan sponsor must, "as soon as practicable," notify the employer of the amount and payment schedule for such liability and demand payment.  29 U.S.C. § 1399(b)(1).  The employer may, within 90 days after such notice, request a review of specific matters by the plan sponsor and the sponsor must notify the employer of its decision.  29 U.S.C. § 1399(b)(2).

Disputes between the employer and plan sponsor regarding the amounts assessed must be resolved initially by arbitration.  *Bd. of Trs.*, 749 F.2d at 1399-1400; 29 U.S.C. § 1401(a)(1).  Either party may initiate arbitration within the earlier of (A) 60 days after notification of the results of a review requested by the employer or (B) 180 days after the employer's request for review.  29 U.S.C. § 1401(a)(1).  "If no arbitration proceeding has been initiated, the amounts demanded by the plan sponsor shall be due and owing on the schedule set forth by the plan sponsor."  29 U.S.C. § 1401(b)(1). "The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for the collection."  *Id.*  If arbitration is not timely initiated, all affirmative defenses to withdrawal liability are waived.  *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. Pension Fund v. Centra*, 983 F.2d 495, 507 (3d Cir. 1992).  However, the federal regulations governing ERISA provide that "[t]he parties may agree, at any time, to waive or extend the time limits for initiating arbitration."  29 C.F.R. § 4221.3(b).

1    Plaintiffs assert that notwithstanding the language in Fife's December 5, 2008 letter "request[ing]

2    to initiate arbitration in accordance with 29 C.F.R. § 4221.3(d)," that letter only "requested" arbitration

3    and did not formally "initiate" arbitration. Plaintiffs do not advance any specific argument about why

4    Fife's December 5, 2008 "Initiation of Arbitration" letter did not "initiate" arbitration under ERISA.

5    Instead, plaintiffs generally assert that this case is similar to *Combs v. Leishman*, 691 F. Supp. 424

6    (D.D.C. 1998). In *Combs*, the defendant disputed its liability and sent a letter to the plaintiff requesting

7    that the dispute be submitted to arbitration in the event that it could not be resolved by the parties. *Id*.

8    at 426. In a further exchange of letters regarding the disputed liability, the plaintiff twice informed the

9    defendant of the requirement under ERISA to timely initiate arbitration, and the defendant declined to

10   do so. *Id*. at 426-27. Under those circumstances, the court held that the defendant had only

11   conditionally requested arbitration, and did not "initiate" arbitration under ERISA. *Id*. at 428.

12   As this Court previously found in connection with plaintiffs' motion to strike affirmative

13   defenses, *Combs* is readily distinguishable. In its December 5, 2008 letter titled "Initiation of

14   Arbitration," Fife not only "request[ed] to initiate arbitration in accordance with 29 C.F.R. § 4221.3(d)"

15   but also requested the Fund to propose potential arbitrators. Finlinson Decl. Ex. G. Thus, unlike the

16   conditional request in *Combs*, Fife formally requested to initiate arbitration pursuant to the governing

17   regulation. Moreover, Fife and the Fund engaged in prolonged settlement negotiations that lasted, at

18   a minimum, from December 22, 2008 to September 30, 2009. During this time, the parties exchanged

19   information and made settlement offers, and on several occasions the Fund encouraged Fife to continue

20   participating in the settlement negotiations in order to avoid the delay and expense associated with an

21   arbitration proceeding. *See id*. Ex. H and L.

22   Aside from specifying the time limits for initiating an arbitration, ERISA Section 4221 does not

23   state what steps are required to "initiate" an arbitration. *See* 29 U.S.C. § 1401. However, the

24   corresponding regulation, titled "Initiation of Arbitration," provides,

25       (d) Contents of agreement or notice. If the employer initiates arbitration, it shall include
         in the notice of initiation a statement that it disputes the plan sponsor's determination of
26       its withdrawal liability and is initiating arbitration. A copy of the demand for withdrawal
         liability and any request for reconsideration, and the response thereto, shall be attached
27       to the notice. If a party other than an employer initiates arbitration, it shall include in the
         notice a statement that it is initiating arbitration and a brief description of the questions
28       on which arbitration is sought. If arbitration is initiated by agreement, the agreement
         shall include a brief description of the questions submitted to arbitration. In no case is

1    compliance with formal rules of pleading required.

2    29 C.F.R. § 4221.3(d).  Here, Fife's December 5, 2008 letter stated that it disputed the plan sponsor's

3    determination of its withdrawal liability, and Fife attached to the letter a copy of the demand for

4    withdrawal liability as well as related correspondence.  Finlinson Decl. Ex. G.  The Court finds that the

5    December 5, 2008 "Initiation of Arbitration" letter "initiated" arbitration under ERISA Section 4221

6    and 29 C.F.R. § 4221.3.

7        Moreover, as defendants assert, if the Fund believed that Fife's December 5, 2008 "Initiation

8    of Arbitration" letter was deficient in any way, the Fund was required to "object promptly in writing to

9    [such] deficiencies."  29 C.F.R. § 4221.3(e).  Plaintiffs assert they "promptly advised Defendants on

10   December 22, 2008, that their request to initiate arbitration was deficient and asked them to stipulate

11   to proceed to arbitration under AAA rules."  Opp'n at 19:6-8.  However, there is no language in the

12   Fund's December 22, 2008 letter that can be interpreted as advising defendants that their request to

13   initiate arbitration was deficient.  That letter states,

14   Dear Mr. Finlinson,

15       I am writing in response to Fife Rock Products' demand for arbitration made on
     December 5, 2008, and request for potential arbitrators.

16

17       The Trust Funds propose for the parties to stipulate to proceed with arbitration
     pursuant to the *American Arbitration Association's Multi-employer Pension Plan
     Arbitration Rules for Withdrawal Liability Disputes* ("AAA Rules").  A copy of the
18   AAA rules are enclosed herein for your review.  In light of these well established
     arbitration rules relating specifically to withdrawal liability disputes involving multi-
19   employer pension plans and given the experience of AAA arbitrators with such disputes,
     it will be efficient and in the best interest of both parties to utilize AAA.  Further, since
20   the Trust is administered at its principal place of business in Alameda, California, the
     Trust Funds request Fife Rock Products to stipulate to arbitrating at a mutually
21   convenient location in the San Francisco Bay Area.  Please promptly let me know if your
     client is agreeable to the proposed stipulation.
22

23       Please note that we still have not received Fife Rock Product's quarterly
     installment payment in the sum of $22,724 that was due on October 1, 2008.  Payment
24   in said sum plus 12% interest should be made immediately, and quarterly installment
     payments must continue to be made even while the arbitration is pending.  ERISA §
25   4421.

26       Given that we are still in the early stages of this dispute and arbitration
     proceedings can be very costly, I wanted to take this opportunity to bring relevant legal
27   authority to your attention in addition to the authority I specified in my last
     correspondence.

28   [paragraph discussing legal authority]

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Please further evaluate your client's position with respect to its withdrawal liability in light of all relevant authority, including not limited to, the foregoing authority. I once again request that you provide me with any and all relevant documents as well as information that will assist us in determining whether Fife Rock Products was considered to be in the "building and construction industry." Doing so may actually resolve this matter in an efficient matter instead of incurring fees associated with formal discovery and a lengthy arbitration proceeding. Please note that letters, schedule, reports, etc. that do not contain details regarding the names of covered employees, job duties, location of work, dates and hours worked, type of work performed each time, type of construction project, etc. may not constitute sufficient evidence to establish that Fife Rock Products was in the building and construction industry. [citation].

Should you have any questions or require additional information, please feel free to contact me.

Finlinson Decl. Ex. H.

Contrary to plaintiffs' assertion in their opposition brief, the December 22, 2008 letter does not advise or even suggest that plaintiffs found Fife's December 5, 2008 letter initiating arbitration deficient. The Court finds that the December 22, 2008 letter did not object to Fife's initiation of arbitration. Plaintiffs do not assert that they informed Fife in any other letter of any deficiencies in the December 5, 2008 initiation of arbitration, and accordingly the Court finds that plaintiffs "fail[ed] to object promptly in writing to deficiencies in an initiation agreement or a notice of initiation of arbitration, [and thus plaintiffs have] waive[d] [their] right to object." 29 C.F.R. § 4221.3(e).

Plaintiffs also argue that Fife failed to "initiate" arbitration because Fife did not initiate arbitration under AAA rules. Those rules provide that a party initiates arbitration by filing a claim at a AAA regional office and paying the AAA filing fee. *See* Babu Decl. Ex. I at Section 7 (AAA Rules). However, there is nothing in ERISA Section 4221 or the regulations that require a party to initiate arbitration pursuant to the AAA rules in order to "initiate" arbitration under ERISA. The cases in which courts have held that the failure to initiate an arbitration with AAA constituted a failure to "initiate" arbitration under ERISA Section 4221 have done so where the trust funds' rules specifically required the employer to initiate arbitration pursuant to AAA rules. For example, in *Robbins v. B&B Lines, Inc.*, 830 F.2d 648, (7th Cir. 1987), the trust fund's rules provided, *inter alia*, that "[t]he commencement of an arbitration proceeding is made by written notice to the withdrawn employer in question, to the bargaining representative (if any) of the affected employees of the withdrawn Employer, to the Central States Fund and to the Chicago Regional Office of the American Arbitration Association." *Id.* at 650-51 n.5. The court held that the employer's failure to pay the AAA filing fee rendered the initiation of

United States District Court
For the Northern District of California

1   arbitration untimely because "[t]he Fund's rules, read in conjunction with the AAA arbitration rules,

2   explicitly require a party initiating arbitration to pay the initial filing fee." *Id*. at 651.

3          Similarly, in *Combs v. Western Coal Corp.*, 611 F. Supp. 917 (D.D.C. 1985), the employer was

4   a signatory to the Plans' arbitration rules, which incorporated the AAA rules. *Id*. at 921.  The employer

5   requested arbitration in a letter to the Plans, and the Plans responded by informing the employer that it

6   had failed to properly institute arbitration pursuant to the rules adopted by the Plans. The Plans' letter

7   indicated that the Plans would treat the arbitration request as proper if the employer complied with the

8   Plans' arbitration rules within 15 days. The employer made no further attempt to initiate arbitration.

9   Under those circumstances, the court held that the employer had failed to initiate arbitration.  *Id*.

10         Here, there was no contractual agreement to arbitrate, and thus the parties had not, prior to

11  initiating arbitration, agreed that any particular rules governed how to initiate arbitration.  The fact that

12  Fife agreed to the AAA rules for the arbitration hearing does not mean that Fife agreed to, or was bound

13  by, the AAA rules for the purpose of determining whether Fife "initiated" arbitration under ERISA

14  Section 4421.

15         Plaintiffs also assert that any purported extensions of time to initiate arbitration terminated on

16  January 14, 2010, or at the latest on January 19, 2010, when defendants failed to agree to proceed with

17  the AAA arbitration initiated by plaintiffs.  Plaintiffs do not cite any authority for their contention that

18  Fife's failure to respond in January 2010 amounted to a waiver of its right to seek arbitration under

19  ERISA.  The Court finds that Fife did not waive its right to seek arbitration, particularly given the facts

20  that Fife timely sent the "Initiation of Arbitration" letter in December 2008, the parties' subsequent

21  extensive settlement negotiations in lieu of proceeding with arbitration, and plaintiffs' own initiation

22  of arbitration in January 2010.  Further, the Court finds that on this record there is no prejudice to

23  plaintiffs if the parties are required to submit this dispute to arbitration.

24

25                                              **CONCLUSION**

26         For the foregoing reasons, the Court GRANTS defendants' motion to compel arbitration.

27  (Docket No. 35).  The Court STAYS this action pending the arbitration.  All pretrial dates are

28  VACATED and this action shall be administratively closed.  The parties are directed to inform the Court

1    within 30 days of the completion of the arbitration proceedings.

2

3            **IT IS SO ORDERED.**

4

5    Dated: January 24, 2011

6                                                    SUSAN ILLSTON
                                                     United States District Judge