IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' PENSION TRUST FUND; GIL CROSTHWAITE and RUSS BURNS, as Trustees,<br><br>    Plaintiffs,<br><br>  v.<br><br>FIFE ROCK PRODUCTS COMPANY, a Utah Corporation; FIFE EQUIPMENT & INVESTMENTS, LLC, a Utah limited liability company; FIFE EQUIPMENT & INVESTMENTS COMPANY, a Utah unincorporated general partnership; GENEVA H. FIFE, as an individual; and KATHRYN F. DAMON, as an individual,<br><br>    Defendants.<br>                       / | No. C 10-697 SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR AN ORDER ENFORCING ARBITRATION AWARD AND CLOSING CASE** |

   Plaintiffs' motion for an order enforcing the arbitration award is scheduled for a hearing on July 27, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

   In an order filed January 24, 2011, the Court granted defendants' motion to compel arbitration. The parties proceeded to arbitration, and on May 8, 2012, the arbitrator issued an award in plaintiffs' favor, awarding $697,153.36 to the Fund. That amount includes the entire withdrawal liability

assessment, plus attorneys' fees, and certain interest and costs. *See* Mersich Decl. Ex. A at 18-19 (arbitration order).

On May 16, 2012, the Fund demanded payment of the amount awarded in arbitration. On May 23, 2012, defendants filed a motion for clarification or modification of the award, and the Fund submitted a response to that motion on May 29, 2012. On June 4, 2012, the arbitrator declined to modify the arbitration award.

On June 15, 2012, the Fund filed a motion to enforce the arbitration award. On June 29, 2012, defense counsel mailed plaintiffs' counsel a check for the full amount of the arbitration award. Mersich Decl. ¶ 11. Defendants filed an opposition to plaintiff's motion, and plaintiff did not file a reply.

**DISCUSSION**

Defendants' payment of the full amount of the arbitration award moots the Fund's request for an order requiring defendants to immediately provide the payment owed under the arbitration award. The Fund also seeks attorneys' fees of $15,788.50 incurred from April 1, 2012, through June 15, 2012, interest on the unpaid withdrawal liability, $14,320 in arbitration fees, and post-judgment interest.[1]

The Fund contends that it is entitled to mandatory attorneys' fees and interest on the unpaid withdrawal liability because defendants did not immediately pay the full amount of the arbitration award after it was entered on May 8, 2012. "Under ERISA, the award of attorney fees to a pension plan is mandatory in all actions to collect delinquent contributions." *Trustees of Amalgamated Ins. Fund v. Geltman Industries, Inc.*, 784 F.2d 926, 931 (9th Cir. 1986). An employer's failure to make timely payments in accordance with an arbitrator's final decision is a "delinquent contribution." *Id*. at 932. In *Geltman Industries*, the Ninth Circuit held that "a delinquency is not determined in relation to the timing of arbitration. Rather, an employer is delinquent 60 days from the pension plan's demand." *Id*.

Here, the Fund made its "demand" that defendants pay the arbitration award on May 16, 2012, and defendants made that payment before the 60 day deadline, on June 29, 2012. Accordingly, the Fund is not entitled to mandatory attorneys' fees or interest on the unpaid withdrawal liability. To the extent

---

[1] The Court notes that the Fund requested additional attorneys' fees and the arbitration fees from the arbitrator, and that the arbitrator declined to award this relief.

that the Fund seeks discretionary attorneys' fees, the Fund has made no showing regarding the five factors that the Court must consider in making such an award, and thus the Court declines to award discretionary attorneys' fees. *See Cuyamaca Meats v. Pension Trust Fund*, 827 F.2d 491, 500 (9th Cir. 1987) (listing factors).

Citing ERISA section 4301(e), 29 U.S.C. § 1451(e), plaintiff requests $14,320 in arbitration fees and the arbitrator's compensation. Section 4301(e) provides that the Court "may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." *Id*. The Fund specifically requested an award of the arbitrator's fees and expenses and compensation, and the arbitrator declined to do so. In light of this fact, the Court finds it inappropriate to award these costs.

Finally, the Fund seeks post-judgment interest pursuant to 28 U.S.C. § 1961. That provision provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Defendants assert that the Fund is not entitled to post-judgment interest because the Fund has not received a money judgment in a civil case recovered in a district court, but rather has been issued an award by an arbitrator. Plaintiff does not respond to this argument, nor has plaintiff cited any authority supporting its assertion that post-judgment interest can be awarded on the arbitration award. Accordingly, the Court declines to award post-judgment interest.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to enforce the arbitration award. Docket No. 49. All matters related to the arbitration having been concluded, this case is now CLOSED.

**IT IS SO ORDERED.**

Dated: July 23, 2012

SUSAN ILLSTON
United States District Judge